*574 Opinión concurrente emitida por el
Juez Asociado Señor Estrella Martínez,
a la cual se unen el Juez Presidente Señor Hernández Denton, la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.
Es responsabilidad de todos propi-ciar un sistema de justicia en el que se provea acceso inmediato y econó-mico para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la ciudadanía sobre sus derechos y responsabilidades, así como de todos los aspectos del proceso judicial. (Énfasis suplido).(1)
Concurro con la determinación realizada por una mayo-ría de este Tribunal. En el caso particular ante nuestra consideración, no existe justa causa para el incumpli-miento del Sr. Rafael Rosario Mercado con el requisito de notificación previa al Estado que requiere la Ley Núm. 104 de 29 de junio de 1955 (32 LPRA secs. 3077-3092a). Por ello, estoy conforme con la determinación de que la recla-mación del señor Rosario Mercado debe ser desestimada. Sin embargo, para llegar a esta conclusión, la mayoría uti-liza fundamentos que no considero correctos, por lo cual no puedo avalar y estar conforme con la opinión que hoy emite este Tribunal.
Tal como expresé en la opinión de conformidad en el caso ELA v. Martínez Zayas, 188 DPR 749, 755 (2013) (Sentencia), en las situaciones en las cuales los miembros de la población correccional instan reclamaciones contra el Estado, e incumplen con el requisito de notificación previa, *575 “la realidad que presenta la situación de ser confinado debe tenerse en cuenta al determinar si existe justa causa para la falta de notificación al Estado”. íd., pág. 767. Este criterio debe ser considerado junto a la totalidad de las circunstancias que presenta cada caso y al objetivo que persigue la notificación requerida. Id.
La opinión mayoritaria es una amalgama de visiones contradictorias en torno al alcance de la realidad de los confinados. En unas partes de esa amalgama se ensambla el elemento radical de irrelevancia total, postulado origi-nalmente por la Jueza Asociada Señora Pabón Charneco en su opinión de conformidad en ELA v. Martínez Zayas, supra. En otras partes, se intentan articular elementos contradictorios en los que tímidamente se reconoce la posi-ble aplicación de la realidad del confinado como factor para determinar justa causa. Lejos de orientar a los confinados y a la comunidad jurídica, la opinión mayoritaria arroja más interrogantes que respuestas. ¿Es relevante o irrele-vante la realidad del confinado? Si es relevante en ocasio-nes, ¿por qué la opinión avala la teoría de la irrelevancia total de la Jueza Asociada Señora Pabón Charneco? Triste-mente, cualesquiera que sean las motivaciones que más peso tengan en esta amalgama, resulta innegable que la realidad es la única verdad y que la determinación de una justa causa en forma objetiva e imparcial no puede adop-tarse en un vacío, sino en las realidades concretas de los litigantes.
I
La opinión mayoritaria afirma que la realidad del con-finado no constituye de por sí y automáticamente la justa causa que requiere la Ley Núm. 104 para eximir del requi-sito de notificación y que por ello no es una excepción a la norma. Al así expresarse, al parecer, queda abandonado el razonamiento expuesto hace pocos meses en la opinión de *576 conformidad emitida por la Jueza Asociada Señora Pabón Charneco en ELA v. Martínez Zayas, supra, acerca de que no debe considerarse la condición individual del confinado para determinar si existe justa causa para el incumpli-miento con el requisito de notificación previa. Sin embargo, existe una discordancia entre esta nueva postura asumida y el razonamiento que sostienen, referente a que no es re-levante la condición de confinado al momento de determi-nar si existe justa causa para el incumplimiento con el re-quisito de notificación previa. Por ello, no me queda más remedio que reiterar y ser cónsono con los fundamentos contenidos en mi opinión de conformidad emitida en ELA v. Martínez Zayas, supra.
Como expresé en la mencionada opinión, ciertamente el solo hecho de ser confinado no podría de por sí ser sufi-ciente para eximir del requisito de notificación previa de la Ley Núm. 104. Por ello, estoy de acuerdo en que no debe existir una exención automática del requisito que impone la mencionada ley cuando se trata de casos de confinados que instan causas de acción contra el Estado.
No obstante, es incorrecto afirmar que la situación, la condición y la realidad de los confinados no es relevante al momento de examinar si existe justa causa para el incumplimiento. Hoy, una mayoría cita las expresiones de la opinión de conformidad de la compañera Jueza Asociada Señora Pabón Charneco en ELA v. Martínez Zayas, supra, acerca de que la condición individual de los confinados no es relevante para determinar si existe justa causa para el incumplimiento con el requisito de notificación previa que impone la Ley Núm. 104. Al citarlas, la mayoría señala que estas expresiones son acertadas. Lejos de ser acertadas, considero que estas expresiones son desatinadas, ya que invitan al juzgador a abstraerse de la situación que viven día a día los miembros de la población correccional y las limitaciones que éstos presentan. En su lugar, presumen que los miembros de la población correccional poseen la *577 misma habilidad de un ciudadano en la libre comunidad para cumplir con el requisito de notificación previa que impone la Ley Núm. 104. Estas expresiones son preocu-pantes ya que se abstraen de las realidades que vive este sector.
Debido a que los confinados están sujetos a la custodia del Estado, es trascendental tomar en consideración las circunstancias particulares de las instituciones penales y las limitaciones a las que se enfrentan debido al confinamiento. De esta manera, se procuraría mantener justicia en cuanto a los requisitos que les son impuestos a los confinados. Considerar que los miembros de la pobla-ción correccional poseen la misma habilidad de un ciuda-dano en la libre comunidad para cumplir con el requisito de notificación previa, que es requerido por la Ley Núm. 104, es intrínsecamente injusto. ELA v. Martínez Zayas, supra (opinión de conformidad del Juez Asociado Señor Es-trella Martínez). Es desconcertante que no se considere re-levante reconocer que los confinados no poseen las mismas oportunidades ni los mismos recursos para cumplir con el requisito de notificación de la Ley Núm. 104.
Los miembros de la comunidad correccional presentan situaciones que son parte de la realidad del confinamiento. La restricción de la libertad de la población penal implica ciertas limitaciones. Además, de las herramientas limita-das que poseen, las limitaciones de movilidad física, las estrictas medidas de seguridad, la falta de control por parte de éstos en el manejo de su correspondencia, los ri-gurosos mecanismos, el posible retraso en la tramitación de correspondencia y los procesos a los cuales se enfrentan son solamente algunas de las situaciones que imposibilitan que cumplan con el requisito de notificación previa como alguien que está en la libre comunidad. A estas situacio-nes, se suma el que en ocasiones sean miembros del mismo sistema quienes imposibiliten que la notificación se realice. *578 Nada de esto es relevante para la mayoría de este Tribunal. En total abstracción de la realidad que enfrentan los confinados, hoy la mayoría los coloca en una posición aún peor que el resto de los ciudadanos.
El que la Ley Núm. 104 no provea una excepción para la población correccional, en cuanto al cumplimiento con el requisito de notificación previa, no significa que las condi-ciones a las que se enfrentan los miembros de la población correccional no sean relevantes al momento de examinar la existencia o no de justa causa para el incumplimiento con el mencionado requisito. El requisito de notificar al Secre-tario de Justicia como condición previa a presentar una demanda contra el Estado, es uno de cumplimiento estricto. Por ello, además de las exenciones que dispone la ley, como es sabido, el requisito de notificación podrá ser eximido cuando haya mediado justa causa para ello. 32 LPRA sec. 3077a(e). Así, la limitación al derecho a deman-dar cederá en situaciones en las cuales exista justa causa. Precisamente, siempre que se examina si hubo justa causa se toman en consideración las circunstancias y realidades de ese caso, lo cual no significa que las disposiciones sean aplicadas de manera distinta. Considerar que las condicio-nes individuales del confinado en ocasiones son relevantes para determinar la existencia de justa causa, junto a otros elementos, no conlleva aplicar de manera distinta las dis-posiciones, de acuerdo con la realidad social de los ciuda-danos, como sostiene la mayoría.
Al realizar el análisis acerca de si existe justa causa para el incumplimiento, habrá situaciones en las cuales las condiciones de la institución penal y del confinamiento se-rán precisamente parte de las circunstancias que constitu-yen la justa causa que se desea expresar. No es que deba enfocarse solamente en la condición de confinado para en-contrar la justa causa para la notificación tardía o la falta de notificación. Por ello, es indiscutible que en ocasiones serán relevantes las condiciones de confinamiento.
*579 Ciertamente, como mencionamos, la Ley Núm. 104 no establece una excepción para la notificación en el caso de confinados. Tampoco es mi intención crearla. Sin embargo, bajo el pretexto de no reconocer una excepción, hoy se co-locan trabas adicionales a las imposibilidades que presen-tan los confinados para cumplir con el requisito de notifi-cación previa. Al determinar que la condición de confinado o de la institución correccional no es relevante para deter-minar si existe justa causa para el incumplimiento con el requisito de notificación, se obstaculiza innecesariamente la demostración de justa causa a los miembros de la pobla-ción correccional.
II
En el caso particular ante nuestra consideración, estoy de acuerdo con que no surge la existencia de justa causa para el incumplimiento con el requisito de notificación que requiere la Ley Núm. 104 o de circunstancias que justifi-quen su incumplimiento. El señor Rosario Mercado pre-sentó una demanda contra el Estado el 5 de julio de 2007. Sin embargo, no notificó al Secretario de Justicia, por lo que incumplió con uno de los requisitos de la Ley Núm. 104. El Secretario de Justicia supo de la reclamación luego de cuatro años de presentada la demanda, cuando fue emplazado.
No surge del expediente constancia de que la notifica-ción al Estado no fuera necesaria por tratarse de un caso en el que éste tuviera acceso a la prueba objetiva. Tampoco surge una justificación adecuada para excusar su dilación en el cumplimiento de los términos establecidos por ley. Debido a que en el caso de epígrafe no se configura el ele-mento atemperante de justa causa, el señor Rosario Mer-cado no podría considerarse liberado de cumplir con esta notificación. Además, los hechos ante nos demuestran que no nos encontramos ante un caso cuyas particularidades *580 hagan inoperante o impráctico el que se notificara al Estado. En consecuencia, no surge una justificación que exima la falta de cumplimiento con el requisito de notifica-ción, lo cual impide que se prosiga la demanda contra el Estado.
III
El caso de autos demuestra que mi postura en las situa-ciones de confinados que incumplen con el requisito de cumplimiento estricto de notificación previa al Estado, no implica crear una excepción automática que aplique a todo el universo de confinados, ni que el solo hecho de ser con-finado sea de por sí suficiente para establecer la justa causa para eximir del cumplimiento con la notificación. Considerar la realidad de los confinados al determinar si existe justa causa para la falta de notificación al Estado, junto a la totalidad de las circunstancias que presenta cada caso y al objetivo que persigue la notificación reque-rida, no significa crear una excepción al requisito ni una regla absoluta. En cambio, la opinión mayoritaria ahora sí crea una regla absoluta en el sentido de que no se va a considerar la condición de confinado nunca, ello porque no creen que sea relevante.
Por los fundamentos anteriormente expuestos, no puedo estar conteste con la opinión que antecede. Ahora, el ca-mino para la demostración de justa causa de un confinado será más escabroso que para cualquier ciudadano en la libre comunidad.

 Exposición de Motivos de la Ley de la Judicatura, Ley Núm. 201-2003 (Parte 1) Leyes de Puerto Rico 972.